UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DILLON,<br><br>                Plaintiff,<br><br>   v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY et al,<br><br>                Defendant. | No. 3:22-cv-05339-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: August 19, 2022 |

This matter is before the Court on defendant Allstate Fire Casualty Insurance Company's ("Allstate") partial motion to dismiss. *See* Dkt. 5. The Court has considered the briefing and supporting evidence. For the reasons explained below, the Court should GRANT IN PART, Allstate's motion to dismiss, and allow plaintiff to submit a motion to amend the complaint. An amended complaint, if any, would need to remove all claims that are barred by the statute of limitations, but may include allegations of Consumer Protection Act claims that (1) have a factual basis within the statute of limitations period, or for which the statute of limitations has been tolled; and (2) are plausibly asserted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

## BACKGROUND

Plaintiff made an underinsured motorist ("UIM") claim to Allstate in January 2018, requesting that Allstate pay him $250,000 for his alleged injuries resulting from a car accident. Dkt. 5, at 1. After reviewing and evaluating Plaintiff's claim, Allstate informed him, on February 13, 2018, of their denial of UIM benefits -- because Plaintiff had already been fully compensated by the at-fault driver's liability limits, and also by Allstate's payment of personal injury protection benefits. *Id.* at 2.

Plaintiff filed this lawsuit in the Clark County Superior Court on April 1, 2022 (later removed to this Court), against Allstate and other individually-named defendants. *See* Dkt. 1. Plaintiff seeks to recover the $250,000 UIM policy limits, while also asserting claims for insurance bad faith, unfair practices, and violations of Insurance Fair Conduct Act and Consumer Protection Act.

Allstate filed the instant motion to dismiss Plaintiff's complaint on May 19, 2022. Dkt. 5. On July 13, this Court entered an order denying Plaintiff's motion for extension of time to respond to Allstate's motion to dismiss under Local Civil Rule 7(j). Dkt. 17. Thus, Allstate's motion to dismiss is effectively unopposed. However, the parties stipulated to dismissing claims of bad faith, unfair practices, and violations of the Insurance Fair Conduct Act[1]. *See* Dkts. 19, 22. The only claim remaining against Allstate is the Consumer Protection Act claim. *See* Dkt. 5; *see also* Dkts. 19, 22. Plaintiff alleges that defendant violated the Washington Consumer Protection Act (RCW 19.86) by unreasonably delaying payment to Plaintiff. Dkt. 1, at 23.

---

[1] In addition to stipulating to dismissing certain claims against Allstate, the Court dismissed (by stipulated order) all of Plaintiff's claims against Defendants Michelle Welch, Joh Doe Welch, David Bamford and Jane Doe Bamford with prejudice. Dkt. 19, 22.

2

# DISCUSSION

I.  Standard of Review

When reviewing a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotations omitted). The court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. The court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

Federal Rule of Civil Procedure 8 does not require a plaintiff to plead around affirmative defenses and "[o]rdinarily, an affirmative defenses . . . may not be raised on a motion to dismiss." *United States CFTC v. Monex Credit Co.,* 931 F.3d 966, 972 (9th Cir. 2019) (quoting *Lusnak v. Bank of Am., N.A.,* 883 F.3d 1185, 1194 n.6 (9th Cir. 2018)). Yet a defendant may argue the affirmative defense of statute of limitations in a Fed. R. Civ. P. 12(b)(6) motion if the running of the limitations period is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).

3

II.     CPA Claim

Allstate argues that Plaintiff's CPA claim should be dismissed with prejudice because it is time-barred. Any action for damages under RCW 19.86 "shall be forever barred unless commenced within four years after the cause of action accrues." Wash. Rev. Code Ann. § 19.86.120. Plaintiff's CPA claim accrued on February 13, 2018, when Allstate denied his claim for $250,000 in UIM benefits. Plaintiff filed the instant lawsuit more than four years later -- on April 1, 2022.

Thus, it appears from the face of the complaint, that Plaintiff's CPA claim based on Allstate's alleged acts or omissions occurring prior to April 1, 2018, is time-barred. Yet, on the face of the complaint, the Court cannot determine whether there are sufficient facts to show either -- circumstances that would permit plaintiff to prove that the statute of limitations was tolled regarding any of the alleged CPA claims, or -- whether there are sufficient facts to support maintaining this lawsuit based on claims that accrued within the statute of limitations. *See generally, Morales v. City of Los Angeles,* 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999) ("district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'")

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave to the court. Leave to amend should be freely given when justice so requires – this legal standard is generous. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be

4

applied with extreme liberality."); *U.S. v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011). The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *In re Western States Wholesale Natural Gas Antitrust Litigation,* 715 F.3d 716, 737-738 (9th Cir. 2013); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice to the opposing party is the factor that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Delay, standing alone, does not justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

When dismissing an action under FRCP 12(b)(6), the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). But courts may deny leave if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if the proposed amendment itself would not survive dismissal. *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). Courts must explain their reasoning when they deny leave to amend. *Foman,* 371 U.S. at 182.

In this case, plaintiff has not filed a motion to amend, and has not submitted for the Court's consideration any proposed amended complaint. If plaintiff wishes to amend the complaint, and if defendant does not submit written consent under Fed. R. Civ. P. 15(a), then plaintiff may file a motion seeking an order from the Court, and is required to follow LCR 15.

5

# CONCLUSION

For the foregoing reasons, the Court recommends Defendant's motion to dismiss should be GRANTED in part. Plaintiff's CPA claims against Allstate should be dismissed with prejudice as to any acts or omissions that occurred outside the statute of limitations period, and for which the statute of limitations has not been tolled. If plaintiff chooses to pursue claims regarding any acts or omissions that occurred within the statute of limitations, or claims for which the statute of limitations may have been tolled, the lawsuit may go forward if plaintiff either obtains defendant's consent to a motion to amend the complaint, or the Court grants leave to amend.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating this time limitation, this matter shall be set for consideration on **August 19, 2022**, as noted in the caption.

Dated this 4th day of August, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge