UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DILLON,<br><br>      Plaintiff,<br> v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>      Defendants. | Case No.3:22-cv-05339-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JULY 7, 2023 |

This matter comes before the Court on Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") motion to dismiss pursuant to Federal Rule of Civil Procedure 25(a)(1). Dkt. 31. Having considered Allstate's motion, Plaintiff's opposition, and oral argument, the undersigned recommends that Allstate's motion to dismiss be DENIED.

## BACKGROUND

This action commenced after Plaintiff, Mr. John Dillon, was in a car accident with non-party Marie McCartney. Dkt. 1-1 (Complaint). In addition to bringing a case against Ms. McCartney for the injuries he sustained, Mr. Dillon also made a personal injury protection ("PIP") and Underinsured Motorist ("UIM") claim to Allstate.

Allstate and Mr. Dillon disagreed on the value of the UIM claim. Thus, on March 28, 2022, Mr. Dillon filed the instant lawsuit in Clark County Superior Court against Allstate asserting claims for breach of contract (recovery of up to the $250,000 UIM

REPORT AND RECOMMENDATION - 1

1 policy limits), insurance bad faith, unfair practices, and violations of the Insurance Fair
2 Conduct Act and Consumer Protection Act. Dkt. 1-1. The case was removed to the
3 Western District of Washington on May 12, 2022. Dkt. 1. Mr. Dillon's claims for
4 insurance bad faith, unfair practices and violations of IFCA and CPA, were dismissed by
5 the Court leaving only Plaintiff's breach of contract claim. Dkt. 24.
6   On December 5, 2022, the parties submitted a joint response to the Court's order
7 to show cause. Dkt. 29. The parties notified the Court that Mr. Dillon had passed away,
8 and at the time, it was unclear whether a personal representative for Mr. Dillon's estate
9 would be substituted. *Id.* at 1.
10   On March 30, 2023, Allstate filed the instant motion to dismiss pursuant to FRCP
11 25(a)(1). Dkt. 31.

## DISCUSSION

13 FRCP 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

17   The rule requires two affirmative steps to trigger the running of the 90-day period.
18 *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). First, a party must formally
19 suggest the death of the party upon the record. *Id.* Second, the suggesting party must
20 serve other parties and nonparty successor or representatives of the deceased with a
21 suggestion of death in the same manner as required for service of the motion to
22 substitute. *Id.* As the court explained in *Barlow,* it is necessary to serve a non-party
23 pursuant to Rule 4, i.e., by way of personal service, because a non-party may be

NOTED FOR JULY 7, 2023 - 2

distanced from the litigation and may be unaware of the need to act to preserve the claim. *Id.*

In this case, counsel who had been representing Plaintiff -- until he passed away -- filed the formal suggestion of death on June 8, 2023. Dkt. 41. Allstate argues that the 90-day period was triggered on December 5, 2022, when the parties responded to the Court's order to show cause. If that response to the Court's order to show cause is the triggering event, and the response to the order to show cause constituted a "formal suggestion of death" -- then, according to Allstate's line of reasoning -- it follows that the FRCP 25(a)(1) deadline for filing a motion to substitute expired on March 2, 2023. *See,* Dkt. 31, Motion to Dismiss; Dkt. 28, Order to Show Cause; Dkt. 29, Response to Order to Show Cause.

The Court acknowledges Allstate's concern about the amount of time this case has been in limbo while counsel was waiting to file the formal suggestion of death, and this has potentially affected the parties' ability to conduct discovery. Yet the parties' response to the Court's order to show cause, Dkt. 29, is not a formal suggestion of death under FRCP 25(a)(1).

The suggestion of death must be formally made and entered into the Court's record, and there must be appropriate service of process, in accordance with the requirements of FRCP 25(a)(1); a different pleading that makes reference to the death would be insufficient to trigger the 90-day period. *See, Barlow v. Ground,* at 233-235; *Grandbouche v. Lovell,* 913 F.2d 835, 836-837 (10th Cir. 1990); *Braden v. Plumbing & Pipefitting Indus. Local 38 Convalescent Trust Fund,* 967 F.2d 584, at *1 (9th Cir.

1992)[1] (unpublished). In *Braden,* for example, the Court found that no formal suggestion of death was made on the record even though Defendants put the notice of death of a party in their supplemental responses to Plaintiff's discovery requests. *Id.*

Thus, although both parties were clearly aware of Mr. Dillon's death by December 5, 2022, Dkt. 29, the response to the Court's show cause order, did not initiate the 90-day period.

Even if the Court assumes -- for purposes of the second part of the Rule 25(a)(1) analysis – that the parties' joint response to the Court's order to show cause could be considered a formal suggestion of death, then Rule 25(a)(1) further requires that a suggestion of death must be properly served on nonparty successors or representatives of Mr. Dillon. At a minimum, nonparty successors or representatives should be identified in order to trigger the 90-day deadline. *See Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019).

Here, it does not appear that the parties' response to the Court's order to show cause was served to any individual who would be a personal representative or successor, in accordance with FRCP 4. The parties explicitly stated that "Plaintiff's counsel believes that a personal representative for Plaintiff's estate may be substituted

---

[1] The Ninth Circuit relied on the Tenth Circuit's decision in *Grandbouche v. Lovell,* 913 F.2d 835 (10th Cir.1990)(per curiam). *See Barlow v. Ground,* 39 F.3d at 233; *Braden*, 967 F.2d at *1. The Court in *Grandbouch* discussed a number of cases from other districts. *See, e.g., Kaldawy v. Gold Serv. Movers, Inc.,* 129 F.R.D. 475, 477 (S.D.N.Y.1990) (court's order noting plaintiff's death and placing case on suspended calendar, which was mailed to counsel for all parties, including decedent's counsel, insufficient to trigger the ninety-day limitations period); *Tolliver v. Leach,* 126 F.R.D. 529, 530–31 (W.D.Mich.1989) (defense counsel's statement concerning defendant's death, made on record during discovery conference, insufficient to trigger limitations period); *Gronowicz v. Leonard,* 109 F.R.D. 624, 626–27 (S.D.N.Y.1986) (letter from party's attorney to court notifying court of party's death insufficient suggestion of death to trigger limitations period).

NOTED FOR JULY 7, 2023 - 4

as Plaintiff in this matter, but does not know if and when that will actually occur." *See* Dkt. 29 at 1. In other words, neither a nonparty successor nor representative was identified as of December 5, 2022; therefore, the 90-day period was not triggered.

On June 8, 2023, counsel (who had represented Plaintiff before his death) filed a formal suggestion of death and certified that it was served on Lucille Adams, Mr. Dillon's widowed spouse, via email. Dkt. 41. Ms. Adams as the widowed spouse apparently is being identified as the nonparty representative or successor in interest (*see,* Dkt. 35-1, Order of Eighth Judicial District Court, State of New Mexico, Taos County, dated April 18, 2023). The notice of suggestion of death, however, is not clear about the precise authority Ms. Adams may or may not have concerning her status under state law. Under *Gilmore v. Lockard*, "at a minimum", nonparty successors or representatives must be *identified* in order to trigger the 90-day deadline. *Lockard*, 936 F.3d at 865-866. Simply certifying that the formal suggestion of death was "emailed to Lucille Adams," without more or clarification of whether Ms. Adams actually has been appointed the personal representative of the estate of her spouse in relation to this lawsuit, is not sufficient. Although the order of a New Mexico state court has been entered into the record, Dkt. 31-5, that court order does not clearly show that Ms. Adams has personal representative or successor authority for the instant case in federal court. And, the authority of Ms. Adams to pursue the federal court proceedings in the instant case needs to be clearly explained in the documents filed under FRCP 25(a)(1) – which has not been accomplished in the current filing. Dkt. 41.

In the same vein, certifying that the formal suggestion of death was *emailed* to Ms. Adams is not, alone, sufficient to meet the service requirement identified in Rule

25(a)(1). Rule 4 lays out the steps to follow to properly serve an individual and how to prove that such service was completed. *See,* FRCP 4(e), (I). In reviewing the formal suggestion of death, which is not accompanied by proof under FRCP 4 of service, or waiver of service under FRCP 4(d), as to Ms. Adams, it is unclear whether Ms. Adams was properly served in accordance with Rule 25(a)(1).

Neither Dkt. 29, nor Dkt. 41, have been filed in accordance with the two requirements of FRCP 25(a)(1). There has not been any document filed that would trigger the 90-day deadline. Allstate's motion to dismiss under FRCP 25(a)(1) should therefore be DENIED. Yet, there is currently not a viable Plaintiff in this case – it is undisputed that Plaintiff has passed away. If there is not an effective filing under FRCP 25(a)(1) within a reasonable time, the Court may sua sponte review the case to determine whether it should be dismissed for failure to prosecute. *Link v. Wabash R. Co.,* 370 U.S. 626, 630-635 (1962); *see, Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte" for plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure).

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY Allstate's motion to dismiss pursuant to Rule 25(a)(1). A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 7, 2023, as noted in the caption.

Dated this 16th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge