UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DILLON,<br><br>                Plaintiff,<br>     v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>                Defendants. | Case No. 3:22-cv-5339-RSM-TLF<br><br>ORDER |

       This matter comes before the Court on Plaintiff's motion to substitute Lucille A. Adams, the personal representative of the Estate of John Dillon, for deceased John Dillon, and to amend the caption. Dkt. 51.

       On June 8, 2023, Plaintiff's counsel filed the formal suggestion of death pursuant to Federal Rule of Civil Procedure 25(a). Dkt. 41. Upon the Court's advisement to the Plaintiff that the formal suggestion of death did not include a proper certificate of service required by FRCP 25(a)(3), Plaintiff filed a revised certificate of service from Ms. Adams on June 30, 2023. FRCP 25(a) instructs parties that a motion for substitution may be made by any party or by the decedent's successor or representative no later than 90 days after service of a statement noting the death. Here, the revised certificate of service, dated June 30, 2023, triggered the 90-day period. Thus, Plaintiff's counsel had until September 28, 2023, to make a motion for substitution. Dkt. 50.

ORDER - 1

In order to balance Allstate's concerns about the litigation's delay with the fact that Plaintiff's counsel and the substituted Plaintiff were allowed a 90-day period by Federal Rule of Civil Procedure 25(a)(1), the Court ordered that counsel who represented the deceased Plaintiff provide a report to the Court no later than September 14, 2023, advising the Court of the status of any potentially new plaintiff in this matter. Dkt. 50.

Plaintiff, on September 13, 2023, filed a motion to substitute. Ms. Adams represents that she has been appointed the Personal Representative of the Estate of John Dillon for all purposes by the probate court in New Mexico. Dkt. 55. Ms. Adams further states in her declaration that, as the Personal Representative of Mr. Dillon's Estate, she has requested counsel to continue pursuit of the instant case. *Id.*

The Estate has satisfied all the requirements to substitute itself as a party. The motion was filed by John Dillon's personal representative, a proper party. A statement noting the death was filed and served on all parties. A motion to substitute the Estate as a party in place of Mr. Dillon was timely filed.

ORDER - 2

Thus, Plaintiff's motion to substitute is GRANTED and the caption is hereby amended to reflect "Lucille A. Adams, Personal Representative of the Estate of John Dillon", in lieu of "John Dillon, individually". The Court will separately issue an amended pretrial scheduling order.

Dated this 19th day of October, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3